Bowen, J.
The motion for a new trial, in this case, is urged by the counsel for defendant, on the ground, mainly, that the plaintiff’s-lien, by virtue of his mortgage, was lost by the mortgagor’s bringing the property into this state and disposing of it here, to a purchaser having no knowledge of the mortgage.
It is admitted that the instrument, under which the plaintiff claims to recover, was valid in New York. It was not only executed, as the law there requires it should be, but it was-registered in accordance with the statute, in the town where' both parties resided, and the possession and use of the chattel, by the mortgagor, were there fully sanctioned by law. Before any breach in the payment of the money had occurred the property was removed into this state, and became subject to our laws. This removal was without the plaintiff’s permission, and if *126 the transaction be closely scanned, it was, as to the mortgagor, an act not characterized by too strict regard to integrity, or the rights .and expectations of the mortgagee. Almost as soon as he arrived in Cleveland, he began to manifest an intention to defeat the plaintiff’s security. He at first assumed to pledge it to Moore, as the property of another, and not his own. He apprised Moore, however, that he had just come from Buffalo. . After getting as much for the piano as he could, by the devices which he adopted, he allowed it to be sold, knowing, quite well, that he had not paid for it, and that the security might, and as he doubtless supposed would, by such act of his, be entirely cut off as to the mortgagee, who had sold him the property. There is nothing to show the least want of diligence on the part of the plaintiff. The money secured by the mortgage, became due on the 17th of September, 1853, on which day the sale was made to the defendant in Cleveland. *This action was commenced in March following, by .a citizen of New York. Shall he be allowed to enforce his lien, under the mortgage, in the courts of this state?
The statute law of New York, in regard to the record of chattel mortgages, is, in the object and spirit of it, almost identical with ours. Mortgages, or bills of sale of personal property, and intended to operate as such, must be accompanied by an immediate delivery, and be followed by an actual and continued change of possession of the thing mortgaged, or the instrument deposited with the clerk of the township where the mortgagor resides, or if a non-resident, where the property shall be at the time of its execution, else, by the law of this state, the mortgage is void as against the creditors of the mortgagor, and as against subsequent purchasers and mortgagees in good faith. Stat. 315. The law of New York is founded in the same policy, and contravenes no rights of our citizens, and is not at variance with any law, nor in violation of any principle of our government, either civil, political, or moral. Had the same mortgage been executed and filed for record here, it would be our ■duty to give it effect and protect the parties in their rights under it. The registry of such instruments is required to be made at the place of the transaction, or where the mortgagor may reside, in order to convey notice to others who may wish to become interested as purchasers or lienholders in the same property. It gives to the public the means of learning what has been transacted in relation to the incumbrance of property, and of deriving benefit, from a *127 knowledge of it, which, in the absence of such salutary regulation, would be in the secrets only of the immediate parties interested, and might lead to the perpetration of fraud upon innocent persons. When that act is done which is necessary to give validity to the contract, at the time, and in the place and manner pointed out, the whole duty, in regard to it, is at an end. It is not made necessary to go into other townships, nor into other states, to procure hew registrations. The law has, for wise purposes, omitted any such requirement. Holding this instrument, then, as the plaintiff did, as a legal and valid one, by the law in force where he obtained it, he was entitled to enforce it; but as *the power to do that had been cut off by the removal of the property beyond the jurisdiction of the state, it was proper for him to sue in the courts of this state, and to derive the same relief by his action, as if he were pursuing a remedy where the contract was made. Offutt v. Flagg, 10 N. H. 46; Martin v. Hill, 12 Barb. 632.
It is a general rule of international law, that the rights of the parties to a contract, as distinguished from their remedies, are to be determined by the law of the place where the contract is to be performed. If a contract be made in one state or country, and it appears upon its face that it is to be performed in another, it will be presumed that the contract was entered into with reference to the laws of the latter, and those laws will be resorted to in ascertaining the validity, obligation and effect of the contract. This general rule, however, has its exceptions ; one of which is, that where a contract; is declared void by the law of the state or country where it is made, it can not be enforced as a valid contract in any other, though, by its terms, it was to have been performed there. Hyde v. Goodenow, 3 Conn. 266. So, if the law Of another government is in conflict with our own system of jurisprudence, or contravenes the policy of our government, there is no rule of comity or of international law which imposes on us the least duty to observe it.
In this case, as has already been shown, the New York law of chattel mortgages is entitled to full consideration for its harmony with our own law upon the subject, and we feel no hesitation in giving effect to it.
Gregory held the property subject to the condition of the mortgage, which was the payment of the money, as specified therein, or in ease of default, the plaintiff was authorized to take possession of, and to sell it. The default occurred after the property had been *128 removed into a foreign jurisdiction. Gregory had no power to confer .any better title than he held; and those who might desire to-purchase of him, were bound by the rule of caveat emptor. True, there was no record of the mortgage in Ohio, but Gregory was a stranger to Moore, and apprised him that his late residence was Buffalo. This ought to have excited inquiry by *Moore, which might quite as well have been instituted in Buffalo as in another county of this state. He can not charge upon the plaintiff the consequences of this neglect of his. He took the property subject to the incumbrance upon it; and that amount, we think, was very properly found and reported by the jury in favor of plaintiff.
The motion for a new trial is overruled, and a judgment may be-entered on the verdict.
Swan, Brinkerhoee, and Scott, JJ., concurred.